# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11580
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANKLIN YOBANY CRUZ-CARRASCO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-294-1

Before HIGGINBOTHAM, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Franklin Yobany Cruz-Carrasco appeals his 18-month, within-guidelines sentence for illegally reentering the United States after deportation. Although Cruz-Carrasco argued for a 14-month sentence, the district court found that the 18 U.S.C. § 3553(a) sentencing factors warranted a sentence at the bottom of the applicable guidelines range. Citing the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), Cruz-Carrasco contends that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11580

court violated his Fifth and Sixth Amendment rights because its choice of sentence was made absent a jury finding as to the § 3553(a) sentencing factors cited by the district court. The Government moves for summary affirmance, arguing that Cruz-Carrasco's argument is foreclosed by *United States v. Tuma*, 738 F.3d 681 (5th Cir. 2013), and *United States v. Bazemore*, 839 F.3d 379 (5th Cir. 2016). Cruz-Carrasco contends that the Supreme Court's decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), calls *Tuma* into question.

In *Tuma*, this court held that a district court may make findings of fact that increase a defendant's sentence if those facts do not expose the defendant to a mandatory minimum sentence. 738 F.3d at 693. In *Hurst*, the Supreme Court invalidated Florida's hybrid capital sentencing scheme in which "the maximum sentence a capital [defendant could] receive on the basis of the [jury] conviction alone [was] life imprisonment," and the defendant could receive a death sentence only if the court made additional findings at a subsequent sentencing proceeding. 136 S. Ct. at 620-21. In *Bazemore*, however, this court rejected an argument similar to Cruz-Carrasco's, explaining that *Hurst* "applies only to statutory schemes in which judge-made findings increase the maximum sentence that a defendant can receive." 839 F.3d at 392-93. Because Cruz-Carrasco's 18-month sentence neither implicates a mandatory minimum nor exceeds the statutory maximum, it raises no Sixth Amendment concerns. Consequently, the Government is "clearly right as a matter of law" such that "there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Cruz-Carrasco concedes that his argument is foreclosed, and he raises it only to preserve the issue for future review.

Accordingly, IT IS ORDERED that the Government's motion for summary affirmance is GRANTED. Its alternative motion for an extension of

time to file a brief on the merits is DENIED.  The judgment of the district court
is AFFIRMED.